Morphy, J.
On the 4th of August, 1838, Wm. M- Lambeth and Wm. E. Thompson formed a commercial' co-partnership with Charles A. Jacobs, under the style of W. M. Lambeth &. Thompson ; the former to be the acting and general partners, and the latter a partner incommendam to theextentof $150,000, which he paid. The partnership, which was to last for three years from the 1st of August, 1837, was duly recorded in the office of the Recorder of Mortgages. On the 16th of June, 1840, shortly before the partnership was to expire by its own limitation, it was dissolved by mutual consent. The partner in commendam withdrew from it, conveying and setting over to Wm. M. Lambeth and Wm. E. Thompson, all his rights, claims and interest in the concern, for the sum of $205,000. They assumed all the debts, and undertook to liquidate the affairs of the partnernership, and to save Charles A. Jacobs harmless from all claims whatsoever that might be made against the firm. Public notice of the dissolution of the partnership was given in August, 1840, when Lambeth and Thompson announced that, having purchased the entire interest of their partner in commendam, they would in future conduct the business for their sole account. This notice was'signed W. M. Lambeth 6p Thompson. Under this firm they continued to do business, and made no change in their books or mode of carrying on their affairs, until July, 1841, when they took in other partners, and altered the name of their firm to that of Lambeth, Thompson & Co. During the period of the partnership in commendam, and ever since, Charles A. Jacobs has had an office in the same building with Lambeth'and Thompson, and a sign on the outer door of the house.
Some time after the expiration of the partnership in commendam, to wit, on the 26th of April, 1841, W. M. Lambeth & Thompson, in consideration of an assignment made to them of two judgments obtained against some of their customers, accepted two drafts of the latter. It is on one of these acceptances that the present suit has been brought, and that Charles A. Jacobs is *475 sought to be made liable. There was a judgment below in his favor, and the plaintiff has appealed.
Charles A. Jacobs being shown to have been only a partner in commendam of the firm of W. M. Lambeth & Thompson, it is by no means clear that its creditors have against him the same right of action which they can exercise against the firm. The partnership in commendam is not considered by our Code as a separate and distinct species of partnership, but rather as an incident or accessory, which may be attached to and incorporated with all kinds of partnerships, and the partner in commendam is viewed as a partner only to a certain extent. Civ. Code, arts. 2799, 2810,2811,2815. In the country from whose jurisprudence we have borrowed this kind of contract, the partner in commendam is considered in the light of a simple furnisher of funds, (bailleur defonds,) liable only to the partnership to which he binds himself to pay the same, and it has been a question of much discussion and doubt, whether the creditors of the firm have against him a direct action in their own name. Tire better , opinion seems now to be, that the creditors have no such action, although they can compel the partner in commendam to pay the amount he has agreed to put into the partnership, by exercising against him the rights of the acting partners. Rogron’s Comments on art. 23 of the Code de Commerce. Pothier, de la Société, No. 202. Pandectes Franc. v. 19, p. 146. Delangle, Comment sur les Soeiétés Commerciales, Nos. 267 to 293. Admitting that it is otherwise under the articles of the Civil Code of this State,-it is not easy to perceive how Charles A. Jacobs can be made liable as a partner in commendam of the firm- of W. M. Lambeth & Thompson, on an acceptance given by the latter ten months after the dissolution of the partnership in commendam, of which public notice was given in the newspapers. This notice was not even necessary, perhaps, to relieve Jacobs from future liability ; as all persons who had dealt with the firm upon his responsibility, knew, or ought to have known, from the recorded contract which informed them that he was a partner in commendam, that his connection with the firm was to last only three ■years from the 1st of August, 1837. With the expiration of the partnership his liability ceased, and he had the right to with *476 draw the funds he had put in it and his share of the profits, subject only to the debts created during its existence. Civ. Code, arts. 2812, 2847. The petition charges Jacobs as a general partner of the firm of W. M. Lambeth & Thompson, without alleging that during the partnership, or since, he has done or omitted any act, the commission or omission of which should impose upon him the liabilities of a common partner. But our attention lias been called to a clause in the act of dissolution of the 16th of June, 1840, which the counsel for the appellant construes into a permission or consent given by Jacobs, that his partners should use the social name of the partnership in commendam, in the liquidation of its affairs. He contends, that by giving his consent, and afterwards suffering Lambeth and Thompson to use the social name for their own affairs, he has made himself responsible for the acceptance sued upon ; and various authorities have been referred to, showing that if a partner withdraws from a partnership, and yet suffers his name to continue and stand as a part of the firm, he will be held liable notwithstanding his retirement. We cannot give to the clause relied upon the meaning attached to it by the counsel. It appears to us, to be nothing more than a stipulation on the part of William M-. Lambeth and William E. Thompson, to undertake the liquidation of the partnership affairs and to save Jacobs harmless from all claims against the concern. They had an undoubted right, without his consent, to carry on such liquidation under the name of W. M. Lambeth & Thompson, which was their firm, as the general and acting partners and not that of the partner in commendam, in whose name the business could not be carried on. Civ. Code, arts. 2810, 2S20. Jacobs could not prevent Lambeth and Thompson from continuing to use that firm as long as they pleased, as his admission into the partnership on the footing of a partner in commendam never made him an integral part of the firm ; but even if the continued use of the social name could have authorized any one to believe that there had been a continuance of the partnership with Jacobs, this belief must have been completely destroyed by the public notice given in August, 1840, that Lambeth and Thompson would continue to do business for their sole account, under the firm of W. M. Lambeth & Thompson. How then .can it be pretended, that *477 the plaintiff dealt with the firm.upon the responsibility of Charles A. Jacobs? The ground upon which, in other partnerships, liability may be fastened on a retiring partner, who suffers his name to stand as a part of the firm, is the supposition that the firm was trusted upon his responsibility j but this reason cannot apply to a partner in commendam, whose name cannot appear in the firm adopted by the acting partners, and whose liability, as to its extent and duration, is determined by, and can be ascertained from the registry which the law requires to be made. As long as the partner in commendam does none of those acts which by law impose upon him the liabilities of [a common partner, no one has a right to look beyond such registry. Civ. Code, arts. 2819, 2820. No liability can be based on Jacobs’ knowledge that the social name continued to be used by Lambeth and Thompson. He had not the means of preventing them from using it, and he had a right to expect, that every person dealing with them upon his responsibility as a partner in commendam, would consult the records of the Recorder of Mortgages, and would be informed that his connection with that 'firm had ceased since August, 1840. We can attach no importance whatever to the circumstance of Jacobs having had an office in the same building in which his former partners kept their counting-room, and a sign upon the same door. It is not pretended that since the dissolution of the partnership in commendam, Charles A. Jacobs has in any way or shape participated in the profits of the business of W. M. Lambeth & Thompson. We can perceive, then, no ground whatever upon which he can be held liable to the plaintiffs.

Judgment affirmed.